**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jay N. Gardner and Rachel B. Gardner,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>Nationstar Mortgage LLC, et al.,<br><br>　　　　　　　　Defendants. | No. CV-13-02478-PHX-SRB<br><br>**ORDER** |

　　　　The Court now considers Plaintiffs' Motion to Alter/Amend the Judgment/Motion for Reconsideration ("Pls.' Mot.") (Doc. 42).

　　　　The Court has summarized the facts of this case in a previous Order, which is fully incorporated herein. (*See* Doc. 37, Nov. 4, 2014 Order.) Plaintiffs initially filed a lawsuit against Defendants in Maricopa County Superior Court, bringing causes of action for quiet title and "breach of trustee's sale duties." (*Gardner v. Nationstar Mortg. LLC*, No. 2:13-CV-1641-HRH (*Gardner I*), Doc. 1-1, Ex. 1, Verified Compl.) The case was removed to this Court and it was dismissed with prejudice on September 26, 2013 after Plaintiffs failed to respond to Defendants' motion to dismiss. (*Id.*, Doc. 14, Sept. 26, 2013 Order.) Instead of filing a motion to vacate the dismissal order in *Gardner I*, Plaintiffs initiated the current lawsuit in Maricopa County Superior Court bringing one cause of action against Defendants for false recording, in violation of A.R.S. § 33-420. (Doc. 1-1, Ex. 1, Compl.) After Defendants removed Plaintiffs' second case to this Court, it was dismissed with prejudice after the Court concluded that it was barred by res judicata based on the previous dismissal of Plaintiffs' related claims in *Gardner I*. (Doc.

17, Mar. 6, 2014 Order at 1-2.) The Court later vacated its dismissal of *Gardner I* on July 28, 2014 and allowed Plaintiffs to file an amended complaint in that case. (*Gardner I*, Doc. 27, July 28, 2014 Order at 4; *see also id.*, Doc. 29, Aug. 18, 2014 Minute Order.) The Court then vacated its March 6, 2014 Order in the current case because the Court's judgment was "based on an earlier judgment that had been reversed or vacated." Fed. R. Civ. P. 60(b)(5).[1] The Court then considered the other arguments Defendants raised in their motion to dismiss and again entered an Order dismissing the case. (Nov. 4, 2014 Order at 5-6.) Judgment was then entered by the Clerk of the Court in favor of Defendants. (Doc. 38.) Plaintiffs now move to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).

"A district court may reconsider [a dismissal order] under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Reconsideration is appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). Courts have "considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Plaintiffs argue, among other things, that the Court's dismissal without leave to amend their Complaint constitutes a manifest error of law. (Pls.' Mot. at 2-5.) Defendants argue that the Court's dismissal of Plaintiffs' Complaint does not met Rule 59(e)'s high standard of clear or "manifest error" because dismissals without leave to amend "are proper where any amendment could not cure the deficiencies in a complaint." (Doc. 45,

---

[1] It is unclear to the Court why none of the parties filed a motion to consolidate this case with *Gardner I* following the Court's March 6, 2014 Order vacating the dismissal of Plaintiffs' Complaint, as the two cases clearly "involve[e] a common question of law or fact" and consolidation would have likely avoided unnecessary costs or delays to the parties. *See* Fed. R. Civ. P. 42(a). This consolidation would have also avoided the potential for inconsistent rulings in the two actions.

- 2 -

1  Defs.' Resp. at 4-8 (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)
2  (concluding that if "the allegation of other facts consistent with the challenged pleading
3  could not possibly cure the deficiency, then . . . dismissal without leave to amend is
4  proper")).) In the Court's Order dismissing Plaintiffs' Complaint, however, the Court did
5  not address whether an amendment could have saved Plaintiffs' claim. (*See* Nov. 4, 2014
6  Order.) In responding to the motion to dismiss, Plaintiffs requested leave to file an
7  amended complaint to add facts to support their claims. (Doc. 14, Pls.' Resp. to Mot. to
8  Dismiss at 8.) Plaintiffs have cited additional controlling Arizona case law that the parties
9  did not brief for the motion to dismiss that at least reasonably supports their view that
10 they will be able to cure the deficiencies in the initial Complaint through amendment.
11 (Pls.' Mot. at 12-13 (citing *Steinberger v. McVey ex rel. Maricopa Cnty.*, 318 P.3d 419
12 (Ariz. Ct. App. 2014)).) The Court will afford them that opportunity. *See Lee v. Regents*
13 *of Univ. of Nevada*, 113 F.3d 1241 (9th Cir. 1997) (stating that the Ninth Circuit "will not
14 disturb a district court's denial of a post-judgment motion under Rule 59(e) . . . except in
15 a limited set of circumstances. Yet . . . denial of leave to amend without a stated or
16 apparent reason presents such a circumstance." (citations omitted)). Accordingly, the
17 Court will vacate the judgment entered in favor of Defendants. Plaintiffs may file a
18 motion for leave amend their Complaint that complies with the applicable local and
19 procedural rules governing amended pleadings in seeking leave to amend. *See* Fed. R.
20 Civ. P. 15; LRCiv 15.1. Plaintiffs must seek leave within fourteen days of this Order. If
21 they fail to do so, the Clerk of the Court is instructed to enter a judgment of dismissal.

22 **IT IS ORDERED** granting Plaintiffs' Motion to Alter/Amend the
23 Judgment/Motion for Reconsideration (Doc. 42).

24 **IT IS FURTHER ORDERED** directing the Clerk of the Court to vacate the
25 judgment entered in favor of Defendants (Doc. 38).

26 **IT IS FURTHER ORDERED** instructing Plaintiffs to follow the applicable
27 local and procedural rules governing amended pleadings in seeking leave to amend.
28 Plaintiffs must seek leave within fourteen (14) days of this Order. If they fail to do so, the

1  Clerk of the Court is instructed to enter a judgment of dismissal.

2  **IT IS FURTHER ORDERED** denying as moot Defendants' Supplemental
3  Motion for Award of Attorneys' Fees (Doc. 41).

5  Dated this 29th day of January, 2015.

*Susan R. Bolton*
Susan R. Bolton
United States District Judge