Barbara J. Forde (013220)
BARBARA J. FORDE, P.C.
20247 N. 86th Street
Scottsdale, AZ  85255
BarbaraJForde@gmail.com
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| JAY N. GARDNER and RACHEL B. GARDNER, husband and wife,<br><br>          Plaintiffs,<br><br>     v.<br><br>NATIONSTAR MORTGAGE LLC, a foreign limited liability company authorized to conduct business in the State of Arizona; U.S. BANK, N.A. as Trustee of the LEHMAN XS TRUST CERTIFICATES SERIES 2007-15N; ABC corporations, Limited Liability Companies and Partnerships 1-100; and DOES 1-100;<br><br>          Defendants. | Case No. 2:13-cv-02478-SRB<br><br>**MOTION TO AMEND THE COMPLAINT**<br><br>**(Oral Argument Requested)** |

## I.    INTRODUCTION.

Pursuant to Rule 15, Fed.R.Civ.P., and LRCiv 15.1, the Plaintiffs Jay and Rachel Gardner (the "Gardners") hereby file their Motion Amend Complaint, for which leave to file was granted by the Court on January 29, 2015 (Doc. 47).  The Proposed First Amended Complaint, in redline form, is attached hereto as Exhibit "A."  Plaintiffs seek to add parties and have proposed claims for: (1) declaratory judgment/lack of standing/void foreclosure documents; (2) breach of contract; (3) breach of the duty of good faith and fair dealing; (4) quiet title under A.R.S. § 33-420/slander of title; (5) negligence per se; (6) fair debt collection practices act; (7) to cancel the trustee's sale (based on recent substitutions of trustee); and (8) intentional inference with contractual relationships.  An Order granting the Motion is attached hereto as Exhibit "B."

## II.  LEGAL ANALYSIS.

A.  <u>Plaintiffs Should be Given the Opportunity to Amend</u>.

    1.  <u>The Amendment Standard</u>.

The United States Supreme Court and the Ninth Circuit are crystal clear, that every plaintiff should be allowed the opportunity to amend even if the plaintiff does not ask leave to amend in responding to a motion to dismiss, or otherwise.

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires;' this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court "must be guided by the underlying purpose of Rule 15-- to facilitate decision on the merits rather than on the pleadings or technicalities…. Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted). The "extreme liberality" with which amendments are to be favored "is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The Ninth Circuit has laid down a bright line:

> [I]n a line of cases stretching back nearly 50 years, we have held that in dismissing for failure to state a claim under Rule 12(b)(6), "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)(quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *Orthologic Corp. v. Columbia/HCA Healthcare Corp.*, 2002 WL 1331735 at \*6 (D.Ariz. Jan. 7, 2002)(leave to amend should be granted unless the pleading could not possibly be

cured by the allegation of other facts; amendment was allowed because the plaintiff may have knowledge of other facts which "may" cure the pleading deficiencies)(citations omitted).

Numerous other cases are in accord. *See, e.g., WineStyles, Inc. v. GoDaddy.com, LLC,* 2012 WL 8254047 at * 4 (D.Ariz. Aug. 15, 2012)(dismissing counts without prejudice "because it is possible that Plaintiff could remedy the flaws identified herein through amendment."); *Chagolla v. U.S.P.S.,* 2005 WL 2464676 at * 1 (D.Ariz. Oct. 3, 2005)(leave to amend should be given "unless it appears beyond doubt that there is 'no set of facts' which would entitle the complainant to relief…."). "Leave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect.'" *Breier v. Northern Cal. Bowling Prop. Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963)(quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962)). Further, "an order of dismissal denying leave to amend at [the motion to dismiss] stage is improper …." *Id.* at 789; *see also, Moss v. U.S. Secret Service,* 572 F.3d 962, 972 (9th Cir. 2009).

The factors a court should consider when deciding a motion to amend, are whether such amendment will cause the opposing party undue prejudice, whether such amendment is sought in bad faith, whether there has been undue delay, or whether amending would be futile. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

In ruling on a motion to amend, the party opposing amendment has the burden of showing prejudice or futility. *Angel Jet Services, LLC v. Raytheon Health Benefits Plan,* 2011 WL 744917 at *2 (D.Ariz. Feb. 25, 2011).

2.   There is No Undue Delay and No Undue Prejudice.

As this Court is aware, the Gardners have another lawsuit pending before Judge Russel Holland, 2:13-cv-01641-HRH ("Gardner I"). The judgment dismissing that case was vacated, and Plaintiffs have been allowed to amend their

3

Complaint in Gardner I; in fact the Complaint has been amended several times due to Nationstar's repeated substitutions of trustee during the pendency of these matters. *See* Doc. 44 in Gardner I. Therefore, there is no undue delay, or undue prejudice. Neither this case nor Gardner I has moved forward on the merits; each was dismissed shortly after the Complaint was filed. And the Defendants are already litigating this matter before Judge Holland; responding to this Motion and the Motion to Consolidate which Plaintiffs will file shortly, does not constitute undue delay or undue prejudice.

    3.    <u>There is no Bad Faith</u>.

Plaintiffs do not seek amendment in bad faith, nor have the Defendants ever argued such, in any pleadings in Gardner I or Gardner II. Plaintiffs unfortunately were initially represented by Counsel unfamiliar with this practice area, and failed to be as complete as he should have been. In addition, the law in non-judicial foreclosure matters was radically changed between the time the Gardner I complaint was first filed and the present. Counsel cannot be expected to anticipate such material shifts in the law. This amendment is not sought in bad faith and should be granted so that the Plaintiffs may have their day in court under the present state of the law.

    4.    <u>Amendment Will Not be Futile</u>.

Nor will this amendment be futile. The proposed First Amended Complaint (the "Proposed FAC"), attached hereto, demonstrates that Plaintiffs have stated multiple claims under on-point Arizona case law, including *Steinberger v. McVey ex rel. County of Maricopa,* 234 Ariz. 125, 318 P.3d 419 (Ct. App 2014); and *Stauffer v. U.S. Bank Nat'l Ass'n,* 233 Ariz. 22, 308 P.3d 1173 (Ct. App. 2013). Federal courts in diversity matters must follow state law, even if not from the highest court

4

of the state, and even if the federal court does not agree with the decision. *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 236-37, 61 S.Ct. 179 (1940).

Indeed, many Arizona District Court Judges have faithfully applied *Steinberger* and *Stauffer*. *See, e.g., White v. Aurora Loan Services, LLC*, 2014 WL 5080904 at * 4-6 (D.Ariz. Oct. 9, 2014)(holding, based on *Steinberger*, that claims for unconscionability and lack of authority to conduct a trustee's sale were well-pled, and admonishing Nationstar and Aurora to research Arizona law before filing any dispositive motions, and to cite "**on-point controlling legal authority, like … Steinberger.**")(emphasis supplied); *Quintana v. Bank of America*, 2015 WL 690906 at * 5 (D. Ariz. Feb. 24, 2014)(following *Steinberger* and holding borrower can bring a cause of action to avoid a trustee's sale if the borrower was in default and possess a good faith basis to dispute the authority of an entity to conduct a trustee's sale); *Martinez v. Cenlar FSB*, 2014 WL 4354875 at * 9 (D. Ariz. Sept. 3, 2014)(finding a claim for negligent performance of an undertaking well-pled, relying upon *Steinberger*); *Buffington v. U.S. Bank N.A.,* 2014 WL 7648937 at *6-9 (D. Ariz. Oct. 28, 2014)(relying on *Steinberger,* refusing to dismiss claims for negligence *per se,* negligent performance of an undertaking, payment/discharge/satisfaction, and breach of contract).

Plaintiffs have asserted, in the Proposed FAC, claims for: (1) declaratory judgment/lack of standing/void foreclosure documents; (2) breach of contract; (3) breach of the duty of good faith and fair dealing; (4) quiet title under A.R.S. § 33-420/slander of title; (5) negligence per se; (6) fair debt collection practices act; (7) to cancel the trustee's sale (based on recent substitutions of trustee); and (8) intentional inference with contractual relationships.

Undersigned Counsel is counsel for Katrina Steinberger in the *Steinberger* matter, and the basis and nature of the allegations in the Proposed FAC are nearly

identical to the basis and nature of the allegations found sufficient to state claims in *Steinberger* and *Stauffer*.

Standing.  With respect to Plaintiffs' claim for lack of standing, Plaintiffs can state such a claim satisfying the standard set out in *Steinberger,* with ease.  The Moving Defendants disregard on-point Arizona law which decimates any argument that a borrower does not have standing to contest an assignment:

> Steinberger has affirmatively alleged that Respondents do not have the authority to conduct a trustee's sale on her property.  Steinberger's claim is supported by a number of detailed allegations [which included arguing that two assignments of deeds of trusts were invalid] that, if proven, would seriously undermine the validity of the title transfers to Respondents.  Therefore, we conclude Steinberger has pled a valid cause of action to prevent/avoid the trustee's sale based on the Respondents' alleged lack of the authority to conduct a trustee's sale of her home.
>
> * * *
>
> In this age of securitized home loans, the average borrower may be confused by the frequent transfers and reassignments of his home loan.  Thus, if a borrower is in default and possesses a good faith basis to dispute the authority of an entity to conduct a trustee's sale, the borrowers should not be prohibited from challenging its authority….

*Steinberger*, 318 P.3d at 429-430 ¶¶ 38, 41.  *See also, Greene v. Reed,* 15 Ariz.App. 110, 112, 486 P.2d 222, 224 (1971)(a debtor can assert any defense against an assignee and any matters rendering the assignment invalid or ineffective)(citing 6 C.J.S. Assignments § 132 (1937)).

Indeed, the Arizona Supreme Court has concluded that "the Trustor has standing to inquire into and raise objections about the process by which a trustee has been substituted." *Eardley v. Greenberg*, 164 Ariz. 261, 265, 792 P.2d 724, 728 (*In Banc* 1990).  The Arizona Supreme Court found it "obvious that the trustor's ability to deal with [his] rights [in the property] can be effectively eliminated by uncertainties in the chain of title concerning either the beneficiaries or the trustee."

6

*Id. See also, Sitton v. Deutsche Bank Nat. Trust Co.*, 233 Ariz. 215, 311 P.3d 237, 240-241 (Ct. App. 2013)(finding that even a trustor who had already been foreclosed-upon had standing to allege defects "in assignments of the note and deed of trust, notices of trustee substitutions, and a notice of trustee's sale.").

The Court need only refer to the Proposed FAC amendment on standing issues to see that it will not be futile. *See* Exhibit "A," especially ¶¶ 1-169. *See also, White* and *Quintana, supra.*

Breach of Contract.   Plaintiffs' proposed breach of contract claim will not be futile. Without the Note and DOT, there would be no loan and no controversy. The foundation upon which this lawsuit rests, is those two contracts; they must be enforced as written. "A valid contract must be given full force and effect even if its enforcement is harsh." *Isaak v. Massachusetts Indem. Life Ins. Co.* 127 Ariz. 581, 584, 623 P.2d 11, 14 (*In Banc* 1981)(citing *Goodman v. Newzona Inv. Co.*, 101 Ariz. 470, 421 P.2d 318 (1966)). A court may not "revise, modify, alter, extend, or remake" a contract. *Id.* The *Steinberger* Court easily recognized that "only the 'true,' legally authorized trustee may, by virtue of his 'position,' exercise the power of sale." *Steinberger,* 318 P.3d at 429 n.13. The *Steinberger* court continued:

> Specifically, the complaint alleges that Respondents failed to qualify as the "Note Holder" or "Lender" under the note and deed of trust, and that they failed to comply with certain procedures that the note and deed of trust required them to complete before they could attempt to foreclose on her home. These requirements include sending a 30-day notice of default and giving written notice of the default to the trustee.
>
> Respondents attempt to characterize these allegations as a "show-me-the-note" argument. However, Steinberger does not argue that the true beneficiary must show the note prior to foreclosure. Instead, she argues that prior to initiating foreclosure proceedings, the true beneficiary or trustee must at least follow the enforcement provisions contained in the note and deed of trust. Here, Steinberger

> contends that if Respondents are in fact the true beneficiaries or trustees of the deed of trust, their failure to comply with these provisions constituted a breach of the note and deed of trust. These allegations specifically allege breaches of the deed of trust and promissory note.

*Steinberger*, 318 P.3d at 435 ¶¶ 69, 70 (citation omitted).

The allegations in the Proposed FAC track the allegations made in *Steinberger*, which were held to state a claim for breach of contract. Those allegations demonstrate breaches of the Note and Deed of Trust, and also the statutes, which are a part of every contract. *See also Buffington.*

A.R.S. § 33-807(A), requires a default under the **contracts** before foreclosure can be initiated. Whether a default has occurred can be determined only by interpreting the Note and Deed of Trust. Those contracts are clear: only the Lender can declare a default, only the Lender is secured by the Deed of Trust, only the Lender can notify the trustee of that default and of its election to foreclose. *See, e.g.,* TAC ¶¶ 13, 15, 87, 88, 91, 112, 125. That election must be in writing. *Id.* This comports with Arizona case law which says that "deed of trust sales are conducted on a contract theory under the power of sale authority of the trustee." *In re Krohn*, 203 Ariz. 205, 208, 52 P.3d 774, 777 ¶8 (*En Banc* 2002). Conditions precedent to foreclosure found in the Note and Deed of Trust must be followed as long as those terms do not contradict the deed of trust statutes. *Krohn,* 203 Ariz. at 212, 52 P.3d at 781.

<u>A.R.S. § 33-420</u>. With respect to the claim under A.R.S. § 33-420, this Court dismissed Plaintiffs' claim under A.R.S. § 33-420, finding that even if the foreclosure documents contained misstatements, "such misstatements are generally not material to borrowers because the identity of the beneficiary or trustee does not typically alter a borrower's obligations pursuant to the loan," citing *Sitton v. Deutsche Bank Nat'l Trust Co.,* 233 Ariz. 215, 311 P.3d 237, 243 (Ct. App. 2013). *See* Doc. 37 at 4.

Plaintiffs have now provided more detail on its allegations under A.R.S. § 33-420, to support not only material misrepresentations, but the independent grounds of documents which are (1) groundless; (2) contain false claims; and/or (3) otherwise invalid. The Gardners allege that neither U.S. Bank nor Nationstar is the Lender or Note Holder; indeed, Nationstar admits it is not the creditor and U.S. Bank admits it is not the Lender. As such, neither has standing to declare default, accelerate the debt, or initiate foreclosure. *See, e.g.,* Proposed FAC ¶¶ 66, 99, 119, 120, 121, 124, 126, 136, 156, 184, and in particular, ¶¶ 189-215.

The Ninth Circuit has faithfully applied *Stauffer*, and reversed the Arizona District Court which had dismissed claims under A.R.S. § 33-420 for the recording of false assignments, notices of substitution of trustee, and notices of trustee's sale. *In re Mortgage Elec. Registration Systems, Inc.*, 754 F.3d 772, 782-83 (9th Cir 2014). The Ninth Circuit found that where plaintiffs alleged the documents were forged because they were "robo-signed," that notices of trustee's sale were notarized in blank and later signed by an individual not named in the document, and for other reasons, the plaintiffs stated claims under the statute. *Id.* at 783. The Ninth Circuit found that these allegations "plausibly suggest an entitlement to relief," citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S.Ct. 1937 (2009). *Id.* at 784.

The Gardners' obligations under the loan are <u>not</u> to Nationstar, or to U.S. Bank; those obligations run to the Certificate Holders of the Trust into which Defendants claim this loan was sold. *See, e.g.,* Proposed FAC ¶¶ 28, 34, 66, 99, and 119. Therefore, the foreclosure documents are a blatant attempt by those without standing, to change the Gardners' obligations under their loan by attempting to alter, without any legal basis therefor, the identity of the Lender and Note Holder to whom the Gardners owe their debt and thereby circumvent the contractual conditions precedent to foreclosure. Undersigned Counsel cannot imagine a misrepresentation more material to the borrowers, than the true identity of the true Lender, Note Holder and beneficiary. "A [party] has no foundation in law or fact to

foreclose upon a mortgage in which the [party] has no legal or equitable interest." *Bank of New York v. Romero,* 320 P.3d 1, 6 (N.M. Supreme Court, 2014)(quoting 55 Am.Jur.2d *Mortgages* § 584 (2009)).

The plaintiffs in *Stauffer,* like the Gardners here, alleged that the recorded documents contained false statements. 233 Ariz. at 24 ¶ 4, 308 P.3d at 1175 ¶ 4. The Gardners have also alleged adequate injury. Responding to the defendants' argument that the Stauffers suffered no injury from the false documents which were recorded against their property, the court stated:

> We find that the recording of false or fraudulent documents that assert an interest in a property may cloud the property's title; in this case, the Stauffers, as owners of the Property, have alleged that they have suffered a distinct and palpable injury as a result of those clouds on their Property's title. Therefore, the trial court erred in dismissing their quiet title action.

*Id.* at 28 ¶ 25, 308 P.3d at 1179 ¶ 25. The numerous recordings of false documents against the Gardners' Property, have clouded their title, which interferes with their right to use, enjoy and alienate their land. The recordings placing their home into foreclosure also have an adverse impact on market value. *See* Proposed FAC ¶¶ 168, 175, 184, 187, and 210.

The Uniform Commercial Code makes it clear that a misstatement about the identity of the entity entitled to payment must *by definition* be material. If the Gardners pay the wrong entity, they will have to pay, **again**, to the entity actually entitled to payment of the debt. A.R.S. § 47-3602(A)(an instrument is paid only to the extent payment is made by or on behalf of the obligor, "to a person entitled to enforce the instrument."). The Gardners' liability may be thereby doubled, because of the material misrepresentations in the recorded instruments. *See, e.g., In re Leisure Time Sports, Inc.,* 194 B.R. 859, 861 (9th Cir. CAP 1996)(allowing the assignee of a security interest or mortgage who was not also the holder of the note to

10

enforce the obligation, subjects the borrower to double liability; the assignment of the security without the debt is a nullity).

<u>Breach of the Duty of Good Faith and Fair Dealing</u>.    Plaintiffs' Proposed FAC on their claim of breach of the duty of good faith and fair dealing, is not futile. The Gardners have properly stated a claim in Count 3.  They provide, in great detail, the breaches of the covenant which occurred, and their reasonable expectation that the Lender and Note Holder would determine whether there was a default, and as required would write to the Gardners and the trustee; that only a properly appointed trustee under the DOT, acting under instructions from the Lender, would take any necessary action, and that the parties to the contracts would not exercise retained discretion in bad faith, repeatedly substituting the trustee to thwart Plaintiffs' efforts to obtain judicial relief.  *See* Proposed FAC ¶¶ 177-188.

The duty of good faith and fair dealing under a contract is breached "when the other to a party to a contract manipulates bargaining power to its own advantage.…" *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395*, 201 Ariz. 474, 491, 38 P.3d 12, 29 (*En Banc* 2002).  "[A] party can breach the implied covenant of good faith and fair dealing both by exercising express discretion in a way inconsistent with a party's reasonable expectations and by acting in [a] way not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the bargain." *Snyder v. HSBC Bank*, 873 F.Supp.2d 1139, 1152 (D.Ariz. 2012).  The Arizona courts have readily recognized that "[i]nstances inevitably arise where one party exercises discretion retained or unforeclosed under a contract in such a way as to deny the other a reasonably expected benefit of the bargain." *Southwest Sav. & Loan Ass'n v. SunAmp Systems, Inc.*, 172 Ariz. 553, 558, 838 P.2d 1314, 1319 (Ct. App. 1992). Plaintiffs have alleged such circumstances and acts by the Defendants.  They should be allowed to amend.

11

<u>Fair Debt Collection Practices Act</u>.  The Gardners' claim against the trustees for violations of the fair debt collection practices act, is not futile.  The only basis upon which the Defendants sought dismissal of this count in Gardner I, were the arguments that (1) that a non-judicial foreclosure is not the collection of a debt; and (2) that a trustee under a deed of trust is exempt from the Act.  Neither argument is supported by law.

Up until June of 2012, the federal courts operated under the erroneous legal conclusion that a non-judicial foreclosure is not the collection of a debt. In 2012, the Arizona Court of Appeals confronted this precise issue, and specifically held that a non-judicial foreclosure is the collection of a debt:

> The debt arises from the promissory note.  It is contractual.  Such debt may be secured by a deed of trust or mortgage.
> …
> The Arizona statutes governing foreclosures, mortgages and deeds of trust are in accord with the interpretation that the contractual debt is foremost with any foreclosure or sale being secondary and nearly a means of recovery on the original debt.  A "Trust Deed" is defined as "a deed executed in conformity with this chapter … to secure the performance of a contract or contracts …" A.R.S. § 33-801(8).  Section 33-807(A) details when there can be a foreclosure under a trust deed:  "trust property may be sold, in the manner provided in this chapter, after a breach or default in performance of the contract or contracts, for which the trust property is conveyed as security, or a breach or default of the trust deed."
> …
> The promissory note is the primary source of the debt.  And, as the debt on the promissory note is primary, the foreclosure or trustee's sale is ancillary to the collection of the debt, not the other way around.

*National Bank of Arizona v. Schwartz*, 230 Ariz. 310, 312-13, 283 P.3d 41, 43-44 ¶¶ 7, 9 (Ct. App. 2012).  Without doubt, a foreclosure of a deed of trust is the collection of a debt.

Trustees under deeds of trust are not exempt from the Act; only "trustee fiduciaries" are. *Zinni v. Jackson White, PC*, 2012 WL 869008 at *2 (D.Ariz. March 14, 2012)(quoting *Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1182 (D.Ariz. 2009)). Amendment to add an FDCPA claim, should be allowed.

Negligence Per Se. Negligence per se under A.R.S. § 39-161 was affirmed as a proper claim, in *Steinberger*. 318 P.3d at 432-34 ¶¶ 54-62. *Steinberger* also acknowledges that A.R.S. § 39-161 is a recording statute "similar" to A.R.S. § 33-420, and that "a misrepresentation in a recorded instrument may be material where the borrower/trustor alleges the putative beneficiary is not, in fact, the true beneficiary." *Steinberger*, 318 P.3d at 433 n. 17. *See also Buffington.* The Gardners have so plead. *See, e.g.,* Proposed FAC ¶¶ 222, 226, and 228. And to the extent Plaintiffs have not alleged the entity recording a document, Plaintiffs' claim cannot be dismissed for failing to do so. *See Quintana,* 2014 WL 690906 at *5 (where plaintiffs cannot discern facts due to defendants' actions, plaintiffs state a claim even without allegations against individual defendants). Negligence per se is well-plead as to A.R.S. §§ 39-161 and 33-420; amendment will not be futile.

Vacate Trustee's Sale. Plaintiffs' proposed claim to vacate the trustee's sale is well-plead and amendment should be allowed. *See* Proposed FAC ¶¶ 260-276. T.D. Service initiated the sale but no longer has any interest of any kind in the Property, while Ms. Japp and now Mr. Goff is attempting to step in and foreclose using a Notice of Trustee's Sale which does not name him as trustee. No trustee had or has authority to pursue foreclosure under the Note and Deed of Trust, the foreclosure documents, or the statutes. Further, if a trustee is substituted under the Deed of Trust during a pending sale, that sale must be cancelled and re-noticed with all the proper notifications being sent to the borrower regarding the new trustee.

13

<u>Intentional Interference with Contractual Relationships</u>. The proposed intentional interference with contractual relationships claim is not futile. The tort of intentional interference with contractual relations requires: (1) existence of a valid contractual relationship; (2) knowledge of the relationship on the part of the interferor; (3) intentional interference inducing or causing a breach; (4) resultant damage to the party whose relationship has been disrupted; and (5) that the defendant acted improperly. *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395*, 201 Ariz. 474, 493, 38 P.2d 12, 31 (*En Banc* 2002)(citing Restatement (Second) of Torts § 766 (1977)).

Plaintiffs have alleged all the elements required for stating a claim. They allege the interference the Defendants caused with contracts that the Gardners have with their true Lender. *See, e.g.,* Proposed FAC ¶¶ 277-294. The Gardners allege that none of the Defendants have a legal connection to their Note and DOT; therefore, the void and invalid assignments, substitutions of trustee, and notices of trustee's sales recorded, have interfered with the plain terms of the contracts which require that the Lender declare default, and write to the trustee electing to foreclose. The Lender must also write to the Gardners, and provide them with a 30-day notice of default before foreclosure may be initiated. Plaintiffs allege that none of these conditions precedent to foreclosure in the contracts, were performed. They also allege the damages caused by such interference. *See, e.g.,* Proposed FAC ¶ 294.

Plaintiffs have amply demonstrated in the Proposed FAC, their ability to state valid claims under Arizona and federal law. Therefore, amendment will not be futile; leave to amend the Complaint should be granted.

### III.   CONCLUSION.

Plaintiffs respectfully request that their Motion to Amend be granted, as there is no just reason for denying the Motion. The Proposed FAC is not presented after undue delay, will not cause undue prejudice, it is not proposed in bad faith, and Plaintiffs have amply demonstrated that the Proposed FAC is not futile.

RESPECTFULLY SUBMITTED this 17th day of February, 2015.

BARBARA J. FORDE, P.C.

By:   s/ Barbara J. Forde
      Barbara J. Forde, Esq.
      20247 N. 86th Street
      Scottsdale, AZ  85255
      *Attorney for Plaintiffs*

ORIGINAL e-filed this 17th
day of February, 2015, with
COPIES delivered through the
ECF system to:

Laura Sixkiller
Stacey F. Gottlieb
GREENBERG TRAURIG, LLP
2375 East Camelback Rd., Ste 700
Phoenix, AZ  85016
*Attorneys for Defendants Nationstar*
*Mortgage & U.S. Bank as Trustee*

s/Barbara J. Forde

15