Barbara J. Forde (013220)
BARBARA J. FORDE, P.C.
20247 N. 86th Street
Scottsdale, AZ  85255
BarbaraJForde@gmail.com
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| JAY N. GARDNER and RACHEL B. GARDNER, Husband and Wife,<br><br>    Plaintiffs,<br><br>  v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware Limited Liability Company; T.D. SERVICE COMPANY OF ARIZONA, a California corporation; U.S. BANK, N.A., as TRUSTEE of the LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-15N; STARLET J. JAPP, a member of the California and Arizona State Bars; CLAYTON A. GOFF, a member of the Arizona, Texas, California and Nevada State Bars; AMSL LEGAL GROUP, LLC, aka AMSL, LLC, a California Limited Liability Company; ABC Corporations 1-100; XYZ Limited Liability Companies 1-100; 123 Banking Associations 1-100; and DOES 1-100,<br><br>    Defendants. | Case No. 2:13-cv-01641-HRH<br><br>**MOTION TO CONSOLIDATE DISTRICT COURT CASES**<br><br>**2:13-cv-01641-HRH –and--**<br>**2:13-cv-02478-SRB** |

## I.    INTRODUCTION.

Pursuant to Rule 42(a), Fed.R.Civ.P., and LRCiv 42.1, Plaintiffs Jay and Rachel Gardner hereby file their Motion to Consolidate two matters pending before the District Court.  Those matters are this action and *Gardner v. Nationstar et al,* 2:13-cv-02478-SRB.

///

///

///

## II. FACTUAL AND PROCEDURAL BACKGROUND.

The Plaintiffs, represented by Attorney Marc A. Adair, filed a complaint in the Maricopa County Superior Court on July 31, 2013, case No. CV2013-010414. The Plaintiffs obtained a temporary restraining order that day. On August 7, 2013, the Defendants removed the case to U.S. District Court, which was assigned case No. 2:13-cv-01641-HRH ("Gardner I").

On August 19, 2013, the Defendants filed a motion for extension of time to file an answer and to file a response to motion for temporary restraining order. *See* Gardner I, Doc. 6. The motion was granted the next day, giving the Defendants until August 27, 2013, to file a responsive pleading. *See* Gardner I, Doc. 9.

The day after it was due, on August 28, 2013, the Defendants filed their responsive pleading in the form of a motion to dismiss for failure to state a claim. Gardner I, Doc. 10.

On September 24, 2013, the Defendants filed a Motion for Summary Disposition with respect to their Motion to Dismiss, as Attorney Adair had not filed a response on behalf of the Plaintiffs.

On September 26, 2013, 10 days after the response was due, Attorney Adair filed a motion for extension of time to respond to the motion to dismiss. *See* Gardner I, Doc. 13. That same day, after the motion for extension of time was filed, without being aware that the extension had been requested, this Court issued an Order granting the motion to dismiss. Gardner I, Doc. 14. The Order denied attorneys' fees and costs to the Defendants. The clerk's judgment was issued the same day. Gardner I, Doc. 15.

On November 27, 2013, Attorney Adair filed a second lawsuit for the Gardners in Maricopa County Superior Court, case No. CV2013-015825 ("Gardner II"). The Defendants were Nationstar Mortgage LLC, and U.S. Bank, NA as Trustee of the Lehman XS Trust Mortgage Pass-Through Certificates Series 2007-15N. Attorney Adair obtained a temporary restraining order prohibiting a trustee's sale, that same day.

On December 4, 2013, the Defendants removed the case to Arizona District Court, case No. 2:13-cv-02478-SRB. Defendants requested and were granted an extension of time to file a responsive pleading, to December 30, 2013.

On December 30, 2013, the Defendants filed a Motion to Dismiss, based principally on the dismissal with prejudice entered in the first action. Gardner II, Doc. 8.

On January 13, 2014, Mr. Adair filed for an extension to respond and was granted to January 27, 2014. Doc. 11. On January 29, after the extended due date, Mr. Adair asked for another extension, and was granted until February 3, 2014, to file. Gardner II, Doc. 13.

On February 13, 2014, 10 days after the second extended due date, Mr. Adair filed a response to the motion to dismiss. Gardner II, Doc. 14.

Because of a lack of communication, the dismissal of Gardner I, and a failure to keep the Gardners informed of critical information regarding the progress of Gardner I and Gardner II, the Gardners decided that they needed to retain new counsel.

On March 4, 2014, the Gardners retained Undersigned Counsel to represent them, and asked her to substitute in place of Attorney Marc Adair. That paperwork was filed on March 6, 2014, in Gardner II.

That same day, after the substitution of counsel was filed, Judge Bolton issued her Order dismissing Gardner II, based solely on res judicata grounds, because Gardner I was dismissed with prejudice. Doc. 17.

Thereafter, on March 7, 2014, the Gardner II Court granted Plantiffs' request for a Substitution of Counsel from Attorney Adair to Attorney Forde. Doc. 19.

Because of the Gardner II dismissal with prejudice, Plaintiffs returned to Court in the Gardner I, substituted Attorney Forde for Attorney Adair, and filed a Motion to Vacate Judgment on March 28, 2014. Gardner I, Doc. 18.

The Gardner I Motion to Vacate was briefed, and on July 28, 2014, the Court granted the Motion to Vacate in Gardner I. Gardner I, Doc. 27. The Court gave Plaintiffs the right to file an amended complaint.

The First Amended Complaint ("FAC") was filed in Gardner I on September 9, 2014. Gardner I, Doc Nos. 30 to 30-16. The FAC added, as a Defendant, U.S. Bank as Trustee of the Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-15N.

After the FAC was filed in Gardner I, two recordings were made at the Maricopa County Recorder's Office, changing the trustee under the Deed of Trust to Starlet Japp and then to Clayton Goff. The parties in Gardner I therefore stipulated that a Second Amended Complaint (Doc. 38 to 38-17) and then a Third Amended Complaint (Doc. 44 to 44-19) could be filed to add new parties and facts.

On December 18, 2014, Defendants Nationstar, U.S. Bank as Trustee and T.D. Service Co., filed a Motion to Dismiss. Gardner I, Doc. 49. On January 12, 2015, Defendants Japp, Goff, and AMSL filed a Motion to Dismiss. Gardner I, Doc. 55. Both Motions to Dismiss are fully briefed and pending; the Gardner I Court is seeking to set oral argument on the Motions for March 24, 2015.

On August 13, 2014, Undersigned Counsel conferred with Defense Counsel Stacey Gottlieb and asked whether Defendants would stipulate to vacate the dismissal in Gardner II entered March 6, 2014, and thereafter stipulate to dismiss Gardner II without prejudice or consolidate Gardner II with Gardner I. Defense Counsel declined to so stipulate. Therefore, on August 21, 2014, Plaintiffs filed a Motion to Vacate Judgment in Gardner II, based on the vacating of the judgment upon which the Gardner II dismissal was based. Gardner II, Doc. 30. The Motion was granted on September 23, 2014. Doc. 35. Then pending before Judge Bolton was the original Motion to Dismiss, on the merits, to which a response had been filed by Attorney Adair. On November 4, 2014, the Court granted the Motion to Dismiss but did not address leave to amend. Gardner II, Doc. 37.

Therefore, on December 2, 2014, Plaintiffs filed a Motion to Alter/Amend the Judgment/ Motion for Reconsideration on the merits of the Gardner II dismissal and seeking leave to file an amended complaint. Gardner II, Doc. 42. On January 30, 2015, the Court granted relief, reopened the case, and invited Plaintiffs to file a motion to amend complaint. Gardner II, Doc. 47.

4

A Motion to Amend Complaint, along with a redline of the proposed First Amended Complaint, was filed in Gardner II on February 17, 2015 (Doc. 48 to 48-22); a responsive pleading is not yet due.

The proposed First Amended Complaint ("Proposed FAC") in Gardner II contains the same Defendants as are presently Defendants in the Third Amended Complaint in Gardner I. The Proposed FAC in Gardner II, contains the same claims against the same Defendants arising out of the same facts, as are presently pending in the Third Amended Complaint in Gardner I.[1]

### III.   LEGAL ANALYSIS.

Rule 42(a), Fed.R.Civ.P. teaches that actions before the Court involving common questions of law or fact, may be consolidated into one action. The Court has wide discretion in determining whether to consolidate cases pending in the same district. *Bae Systems Mobility & Protection Systems, Inc. v. Armorworks Enterprises, LLC,* 2009 WL 995862 at *1 (D.Ariz. April 14, 2009). In reviewing a motion to consolidate, a court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. U.S.,* 743 F.2d 703, 704 (9th Cir. 1984).

The Third Amended Complaint in Gardner I contains claims for: (1) Declaratory Judgment/Lack of Standing to Enforce Loan/Void Assignments, Substitutions of Trustee and Notices of Sale; (2) Breach of Contract; (3) Breach of the Duty of Good Faith and Fair Dealing; (4) Quiet Title under A.R.S. § 33-420/Slander of Title; (5) Negligence Per Se; (6) Fair Debt Collection Practices Act; (7) Cancellation of Trustee's Sale; and

---

[1] There are some factual differences in the Proposed First Amended Complaint, including correcting the misidentification of Defendant AMSL and correcting certain allegations against AMSL, and alleging that AMSL Legal Group, LLC which purports to sign the last two Substitutions of Trustee, does not exist. The Proposed FAC also makes more detailed allegations on certain claims.

(8) Intentional Interference with Contractual Relations. Gardner I, Doc. 44. The parties in suit are Nationstar, T.D. Service Co., U.S. Bank as Trustee, Starlet J. Japp, Clayton A. Goff, and AMSL Legal Group, LLC. *Id.*

The Proposed FAC in Gardner II has the same claims for relief and the same parties. Gardner II, Doc. 48-1. The Proposed FAC in Gardner II contains further and more accurate allegations with respect to AMSL Legal Group, LLC, which were discovered after the Gardner I TAC was filed, and that Defendant is more accurately reflected in the Gardner II caption. The Proposed FAC in Gardner II is therefore the version which Plaintiffs request be used in further consolidated proceedings.

Because of the similarities between Gardner I and Gardner II, consolidation is warranted. The policies of saving time and effort will be achieved by consolidating the cases, which contain common questions of law and fact. It will be more efficient to litigate the claims in one court, and avoid causing the parties to incur unnecessary expense in trying two separate lawsuits. Consolidation will also remove the need for duplication of labor that would otherwise result from having separate judges hear the cases individually, and it will avoid the potential of inconsistent outcomes.

Neither Gardner I nor Gardner II has proceeded beyond amendment and motion phase; no discovery has been conducted in either matter. No delay, inconvenience or expense would accrue to Plaintiffs or Defendants if the matter is consolidated at this time.

Under LRCiv 42.1, if consolidation is granted, consideration should also be given to the issue of which Judge should be assigned the consolidated cases. LRCiv 42.1(d). Factors relevant are: (1) whether substantive issues have been considered in a case; (2) which Judge has the most familiarity with the issues involved in the cases; (3) whether a case is reasonably viewed as the lead or principal case; or (4) any other factor serving the interest of judicial economy.

Both Judges have decided one motion to dismiss, which ruling has been vacated in both matters. No other substantive rulings have been issued in either Court; other rulings

have related to vacating of the dismissal order in each matter. Plaintiffs respectfully submit that Judge Bolton, assigned to Gardner II, may well have more familiarity with the issues in these matters, because she is an Arizona District Court Judge, while Judge Holland is an Alaska District Court Judge. Arizona law related to non-judicial foreclosures has radically changed over the last 1 to 1.5 years, and Judge Bolton has likely handled more of these types of cases and issues. Judicial economy may be served, also, by assigning the matter to Judge Bolton, as hearings and trial necessary to resolve this matter, can then be conducted by a Judge who is a resident of Arizona. Factor three does not apply.

Accordingly, Plaintiffs respectfully request that Gardner I and Gardner II be consolidated for all further proceedings, assuming the pending Motion to Amend in Gardner II is granted. Because the Proposed FAC in Gardner II contains additional allegations related to recent facts discovered with respect to AMSL Legal Group, LLC, Plaintiffs respectfully submit that the Proposed FAC in Gardner II be the allegations on which the parties proceed after consolidation. Therefore, Plaintiffs further submit that the pending Motion to Dismiss in Gardner I be mooted by consolidation.

## IV.   CONCLUSION.

Based on the foregoing, Plaintiffs respectfully request that; (1) if Judge Bolton grants the Motion to Amend in Gardner II, that Gardner I and Gardner II be consolidated; (2) Judge Bolton be assigned the two consolidated matters; and (3) the pending Motion to Dismiss in Gardner I be held in abeyance pending disposition of the Motion to Amend in Gardner II and be mooted by the consolidation if the Motion to Amend is granted.

RESPECTFULLY SUBMITTED this 22[th] day of February, 2015.

BARBARA J. FORDE, P.C.

By: s/ Barbara J. Forde
Barbara J. Forde, Esq.
20247 N. 86th Street
Scottsdale, AZ  85255
*Attorney for Plaintiffs*

ORIGINAL e-filed this 22[th] day of February, 2015, with COPIES delivered through ECF to:

Laura Sixkiller
Stacey F. Gottlieb
GREENBERG TRAURIG, LLP
2375 East Camelback Rd., Ste 700
Phoenix, AZ  85016
*Attorneys for Defendants Nationstar Mortgage, T.D. Service Co., and U.S. Bank as Trustee*

Kiel S. Berry
Cameron G. LaDuke
LAKE & COBB, P.L.C.
1095 W. Rio Salado Pkwy., Suite 206
Tempe, AZ  85281
*Attorneys for AMSL, Japp & Goff*

s/Barbara J. Forde

8